# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

RONNIE L. BLAKENSHIP,

        Plaintiff,

v.                                                         CIVIL ACTION NO. 3:18-1309

BRIAN NIMMO,
        Director of Department of Veteran Affairs,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Four motions pend before the Court in this case. The United States of America filed a Motion to Dismiss Brian Nimmo and Substitute the United States, ECF. No. 13; a Motion to Strike Plaintiff's Demand for a Jury Trial, ECF No. 15; and a Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 17. After obtaining counsel, Plaintiff Ronnie L. Blankenship filed a Motion for Leave to File an Amended Complaint to supplant his original pro se filing. ECF No. 23. For the reasons below, the Court **GRANTS** the United States' Motion to Dismiss Brian Nimmo and Substitute the United States; **GRANTS** the United States' Motion to Strike Plaintiff's Demand for a Jury Trial; **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint; and **DENIES** as moot, without prejudice, the United States' Motion to Dismiss or, in the Alternative, for Summary Judgment.

## I. BACKGROUND

Plaintiff, initially proceeding pro se, filed a complaint against Brian Nimmo on September 21, 2018. ECF No. 2. On May 10, 2019, the United States filed its answer, its Motion to Dismiss

Brian Nimmo and Substitute the United States, its Motion to Strike Plaintiff's Demand for a Jury Trial, and its Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF. Nos. 12–18. On July 11, 2019, Tyler C. Haslam became Plaintiff's counsel of record and filed Plaintiff's Motion for Leave to File an Amended Complaint and Plaintiff's Response to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF Nos. 22–24. On July 18 and 19, 2019, the United States filed a Reply in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment and a Response to Plaintiff's Motion for Leave to File an Amended Complaint. ECF Nos. 27, 28. Plaintiff filed his Reply to Defendant's Response to Plaintiff's Motion for Leave to File an Amended Complaint on July 26, 2019. ECF No. 29.

## II. DISCUSSION

**1. United States' Motion to Dismiss Brian Nimmo and Substitute the United States**

The Federal Tort Claims Act immunizes federal employees from liability for negligent acts while acting within the scope of their employment. *See* 28 U.S.C. § 2679(b)(1). When a plaintiff sues a federal employee, the United States Attorney must certify whether that employee was acting within the scope of his or her employment at the time of the tortious act. *See* 28 U.S.C. § 2679(d)(1). Upon certification, the court substitutes the United States as the sole defendant. *See id.* The burden of proof then shifts to the plaintiff to refute the certification and prove by a preponderance of the evidence that the defendant was not acting within the scope of his or her employment. *See Maron v. United States*, 126 F.3d 317, 323 (4th Cir. 1997).

Here, the United States Attorney for the Southern District of West Virginia, Michael B. Stuart, certified that he read the complaint and that Defendant Brian Nimmo was acting within the scope of his employment at the time of the incident giving rise to this action. ECF No. 13, Ex. 1. Plaintiff did not object to this certification. Therefore, the Court **GRANTS** the United States'

Motion to Dismiss Brian Nimmo and Substitute the United States in his place as the sole defendant. ECF. No. 13.

**2. United States' Motion to Strike Plaintiff's Demand for a Jury Trial**

Under 28 U.S.C. § 2402, plaintiffs pursuing tort actions against the United States are not entitled to jury trials. *See, e.g.*, *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (citing § 2402 as disallowing jury trials in tort actions against the United States). Accordingly, Plaintiff is not entitled to a jury trial for his tort claims against the United States, and the Court **GRANTS** the United States' Motion to Strike Plaintiff's Demand for a Jury Trial. ECF No. 15.

**3. Plaintiff's Motion for Leave to File an Amended Complaint**

Federal Rule of Civil Procedure 15(a)(2) allows a plaintiff to amend his or her complaint with leave of court, and the rule instructs courts to "freely give leave when justice so requires." Courts should liberally interpret this rule to favor the resolution of cases on their merits rather than on the technicalities of pleading. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc), *citing Conley v. Gibson*, 355 U.S. 41, 48 (1957). Denying leave to amend is appropriate "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber*, 438 F.3d at 426. An amendment is futile if it would fail to survive a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 916–17 (4th Cir. 1995).

Here, justice favors granting Plaintiff leave to amend his complaint. Plaintiff initially filed his complaint pro se and included only a brief paragraph describing his claims. ECF No. 2, at 4. The original complaint's ambiguity around which causes of action Plaintiff asserts and what relief he seeks makes it difficult to pinpoint the issues and arrive at a just outcome. With Plaintiff now represented by counsel, an amended complaint that clarifies the claims and their factual bases will

help ensure the Court resolves the case on its merits. Because the proposed amendment comes early in the litigation and because Plaintiff only intends to more "thoroughly and accurately frame the relevant issues already before this Court," Defendant is not prejudiced by a lack of notice. ECF No. 23, at 2.

The United States objects to the motion on the grounds that the amendment would be futile because Plaintiff does not intend to add new claims and the existing claims are already detailed in Plaintiff's response to the United States' motion to dismiss. ECF Nos. 28, 23. But given the different natures of a complaint and a response, the Court declines to deduce from Plaintiff's response the adequacy of what Plaintiff will allege in the amended complaint. Because Plaintiff did not submit a proposed amended complaint with his motion, the Court cannot determine whether it would fail to survive a motion to dismiss. *See Perkins*, 55 F.3d at 916–17. However, replacing Plaintiff's single paragraph with a sophisticated complaint that frames the issues and assists the Court in deciding the case on its merits serves justice and is not futile. The Court therefore **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 23, and **DIRECTS** Plaintiff to file an amended complaint within seven days of the entry of this memorandum opinion and order.

4. **United States' Motion to Dismiss or, in the Alternative, for Summary Judgment**

Having granted Plaintiff's Motion for Leave to File an Amended Complaint, the Court **DENIES** as moot, without prejudice, the United States' Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 17. Defendant may file another motion to dismiss or for summary judgment based on Plaintiff's amended complaint once filed.

## III. CONCLUSION

The Court **GRANTS** the United States' Motion to Dismiss Brian Nimmo and Substitute the United States, ECF. No. 13; **GRANTS** the United States' Motion to Strike Plaintiff's Demand for a Jury Trial, ECF No. 15; **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 23; and **DENIES** without prejudice the United States' Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 17.

The Court **DIRECTS** the Clerk to send a copy of this opinion and order to counsel of record and any unrepresented parties.

ENTER: September 9, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE